## Carson's Estate.

*Decedents' estates — Claims for nursing — Presumption — Evidence.*

Where a daughter-in-law made claim against the estate of her deceased mother-in-law for six years' services as housekeeper, servant and nurse, the auditing judge did not err in rejecting the claim on the ground that there was a presumption that the services were rendered at fixed prices, payable at fixed periods, and that claimant had demanded and received her wages, especially where the evidence was vague and indefinite as to the actual time the services were rendered, and where it appeared that at times deceased took care of her own house.

Argued Oct. 10, 1916. Appeal, No. 79, Oct. T., 1916, by Elizabeth Carson, from decree of O. C. Allegheny Co., Dec. T., 1915, No. 174, dismissing exceptions to adjudication, in Estate of Jane Carson, deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Elizabeth Carson appealed.

*Errors assigned* were in dismissing the exceptions.

*Edward G. Bothwell,* for appellant.

*James A. Chambers,* with him *James G. Hays,* for appellee.

PER CURIAM, January 8, 1917:

The claim of the appellant against the estate of her mother-in-law, disallowed by the court below, was for six years' services as housekeeper, servant and nurse, at $25

1917.] per week. In disallowing it the learned auditing judge properly said: "Whether her claim be considered separately as that of a housekeeper, servant or nurse, or collectively in these various capacities, the presumption is that they were services based upon fixed prices, payable at fixed periods; the presumption further is that the claimant demanded her wages and that they were paid. ......The claim is not only a belated one, but the evidence is so vague and indefinite as to the actual time services were rendered, keeping in mind that at some times she took care of her own house, that rejection is mandatory."

Appeal dismissed at appellant's costs.